IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MARCHEZ GOODE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No: 3:20-cv-00116 |
| ) | |
| BETTER HOUSING COALITION, ) | |
| ) | |
| Defendant. ) | |

### JOINT STIPULATION SEEKING FLSA SETTLEMENT APPROVAL
### AND DISMISSAL WITH PREJUDICE

The plaintiff, Marchez Goode ("Plaintiff"), and the defendant, Better Housing Coalition ("Defendant"), (each a "Party" and collectively the "Parties"), by their respective counsel, hereby stipulate that the Fair Labor Standards Act ("FLSA" or the "Act") claim asserted by Plaintiff (Count I) has been settled and hereby request that this Court approve the same and dismiss the FLSA claim with prejudice pursuant to Fed. R. Civ. P. 41(a)(2).

Because Count I was brought under the FLSA, the Parties must seek this Court's approval of their settlement as fair, just, and adequate under the FLSA pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.3d 1350 (11th Cir. 1982). Accordingly, the Parties request that the Court approve as reasonable the settlement terms herein and the Settlement Agreement between the Parties, attached hereto as **Exhibit A**, and dismiss this matter with prejudice.

### THE LEGAL STANDARD FOR REASONABLENESS OF FLSA SETTLEMENT

Either the Department of Labor or a federal district court must approve a settlement under the FLSA. *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005). Pursuant to 29 U.S.C. § 216(b), when an employee brings a private action for unpaid wages under the FLSA, and presents to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), *Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 605 (E.D. Va. 1999).

In determining whether a settlement is "fair, adequate, and reasonable" a strong presumption exists in favor of finding a settlement fair. *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sep. 28, 2009). Courts consider a number of factors in evaluating a FLSA settlement agreement, including:

(1) the extent of discovery that has taken place;

(2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3) the absence of fraud or collusion in the settlement;

(4) the experience of counsel who have represented the plaintiffs;

(5) the probability of plaintiffs' success on the merits; and,

(6) the amount of the settlement in relation to the potential recovery.

*Id*. at *10 (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173–74 (4th Cir. 1975)), *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (citing *In re Dollar Gen. Stores FLSA Litig.* No. 5:09-MD-1500, 2011 WL 3841652, at *2 (E.D.N.C. Aug. 23, 2011)).

## STIPULATED FACTUAL SUMMARY

Plaintiff filed suit on February 20, 2020, alleging a single count for violation of the Act's overtime provision and requesting that Defendant pay back wages and liquidated damages to Plaintiff for a three-year lookback period. (ECF No. 1.) Defendant filed its Answer on April 20, 2020. (ECF No. 5.) The Parties, by counsel, thereafter engaged in settlement discussions, and exchanged information and data, relevant to Plaintiff's FLSA claims.

Plaintiff claims that she regularly worked more than 40 hours per week for Defendant but was not paid an overtime premium for the hours worked beyond her 40 hour per week schedule.

Defendant disputed that Plaintiff worked overtime. As part of the agreed exchange of informal discovery, Defendant also produced to Plaintiff certain records that Defendant contends disputes Plaintiff's overtime claims. Defendant further asserted that Plaintiff was exempt from receiving overtime premium based on her job duties.

There was a *bona fide* dispute as to whether Defendant's data proved or disproved Plaintiff's allegations or good faith estimates.

Based on Plaintiff's good faith estimate of the number of hours she worked each week, within the FLSA maximum three-year lookback period, and taking into account any weeks which included holiday, sick leave, or vacation during which she would not have worked any compensable overtime, Plaintiff hereby asserts her "best day in court" FLSA claims to be valued as follows:

| Name | Unpaid OT | Liquidated | FLSA Damages |
|---|---|---|---|
| Marchez, Goode | $4,214.70 | $4,214.70 | $8,429.40 |

As set forth below, Plaintiff is receiving the full amount of her good faith estimate of damages in this settlement. Plaintiff's counsel has accrued attorneys' fees and costs in excess of $15,122.50 in the course of representing Plaintiff, and continues to incur further fees in post-settlement administration of this FLSA matter.

Defendant does not admit liability or any wrongdoing, and enters into this Stipulation of FLSA settlement solely to avoid the costs and uncertainty of protracted litigation.

The Parties, by counsel, jointly represent to the Court that this settlement and the Settlement Agreement are fair and reasonable in light of the allegations and the respective risks

and costs of going forward with litigation. Counsel for the Parties further represent that the settlement and the Settlement Agreement are the result of arm's length negotiations over a *bona fide* dispute.

## **TERMS OF FLSA SETTLEMENT**

1.  Subject to Court approval, Defendant agrees to pay the total sum of Twenty-Three Thousand Five Hundred Fifty-One and 89/100 Dollars ($23,551.90) (the "Settlement Amount"), in full satisfaction of Plaintiff's wage claims asserted, or that could have been asserted, in Count I of the Complaint. The Settlement Amount includes all amounts to be paid by Defendant, including amounts for overtime and liquidated damages to Plaintiff, as well as attorneys' fees and costs.

2.  The Settlement Amount shall be allocated as follows:

| **Name** | **W-2** | **1099** | **Total** |
|---|---|---|---|
| Marchez Goode | $4,214.70 | $4,214.70 | $8,429.40 |
| Coffield, PLC/ Curwood Law Firm, PLC | | $15,122.50 | |
| **Total** | **$4,214.70** | **$19,337.20** | **$23,551.90** |

3.  Defendant shall issue a payroll check to Plaintiff in the amount reflected in the W-2 column in satisfaction of overtime wages, less all appropriate withholdings, and for which Defendant will issue a W-2 to Plaintiff for the listed amount. Defendant will use the W-4 documents it has on file for each Plaintiff providing instruction for such withholdings.

4.  Defendant shall issue a check to Plaintiff in the amounts reflected in the 1099 column, with no withholdings, in satisfaction of liquidated damages under the FLSA, for which Defendant shall issue Plaintiff an IRS Form 1099 form with Box 3 marked. Defendant will use the W-4 documents it has on file for Plaintiff in order to issue the 1099.

5. Defendant shall issue a check to the Curwood Law Firm, PLC in the amount of Fifteen Thousand One Hundred Twenty-Two and 50/100 Dollars ($15,122.50) in satisfaction of Plaintiff's claim for attorneys' fees and costs. Curwood Law Firm, PLC has provided Defendant with an IRS Form W-9.

6. Upon the Court's approval of this FLSA settlement and the Settlement Agreement, Plaintiff's FLSA claims will be dismissed with prejudice.

7. Further, the Parties request, pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), that this Court retain exclusive jurisdiction to enforce the terms of the Parties' settlement.

8. All checks comprising the Settlement Amount shall be delivered to Plaintiff's counsel at the conclusion of the approval hearing, or if no hearing is held by the Court, within seven (7) calendar days following the entry of an Order approving this FLSA settlement.

## CONCLUSION

Based on the foregoing, the Parties respectfully submit that the Stipulation of FLSA Settlement filed in this case is a reasonable, fair, and adequate result under *Lynn's Food* and the six factors set forth in *Lomascolo*, and request that the Court approve the settlement and the Settlement Agreement and dismiss the Lawsuit with prejudice.

**Dated**: August 5, 2020     **Respectfully submitted**,

*/s/ Craig Juraj Curwood*
Craig Juraj Curwood (VSB #43975)
Curwood Law Firm, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
Email: ccurwood@curwoodlaw.com

/s/ *Timothy Coffield*
Timothy Coffield (VSB No. 83430)
Coffield PLC
106-F Melbourne Park Circle
Charlottesville, Virginia 22901
Telephone: (434) 218-3133
Fax: (434) 321-1636
tc@coffieldlaw.com

*Counsel for Plaintiff*


/s/ *Neil S. Talegaonkar*
Randy C. Sparks, Jr. (VSB No. 40723)
Neil S. Talegaonkar (VSB No. 44589)
*Kaufman & Canoles, P.C.*
1021 East Cary Street, Suite 1400
Richmond, Virginia 23219
Telephone: 804.771.5700
Facsimile: 888.360.9092
rcsparks@kaufcan.com
nstalegaonkar@kaufcan.com
*Counsel for Better Housing Coalition*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2020, I will electronically file the foregoing with the Clerk using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Timothy Coffield, Esq.
Coffield PLC
106-F Melbourne Park Circle
Charlottesville, Virginia 22901
tc@coffieldlaw.com

Craig Juraj Curwood, Esq.
Curwood Law Firm, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
ccurwood@curwoodlaw.com

        /s/ *Neil S. Talegaonkar*
Randy C. Sparks, Jr. (VSB No. 40723)
Neil S. Talegaonkar (VSB No. 44589)
*Kaufman & Canoles, P.C.*
1021 East Cary Street, Suite 1400
Richmond, Virginia 23219
Telephone: 804.771.5700
Facsimile: 888.360.9092
rcsparks@kaufcan.com
nstalegaonkar@kaufcan.com
*Counsel for Better Housing Coalition*

18595457v1