## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement"), effective as of the date of the last signature affixed hereto (the "Effective Date"), entered into by and between the defendant, Better Housing Coalition, a Virginia non-stock corporation ("BHC"), and the plaintiff, Marchez Goode ("Ms. Goode"), an individual, (BHC and Ms. Goode are each individually known as a "Party" and collectively as the "Parties"), provides as follows:

### RECITALS

A.  Ms. Goode was employed by BHC as a Property Manager from February 2018 until August 29, 2019 .

B.  Ms. Goode filed a Complaint against BHC on February 20, 2020, styled *Marchez Goode v. Better Housing Coalition,* Civil Action No. 3:20cv00116 (the "Lawsuit"), in the Richmond Division of the United States District Court for the Eastern District of Virginia, alleging a single count for unpaid overtime under the Fair Labor Standards Act, codified as 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act"). On or about February 21, 2020, BHC waived service of the summons and the Complaint pursuant to Fed. R. Civ. P. Rule 4(d), such that BHC's responsive pleadings were due on April 21, 2020. On April 20, 2020, BHC filed its Answer to the Lawsuit.

C.  The Parties hereto have agreed that it is in their respective best interests to settle the Lawsuit. The purpose of this Agreement is to resolve the matters alleged in the Lawsuit.

D.  The Parties hereto understand, acknowledge and agree that this Agreement shall not in any way be deemed an admission by BHC, in whole or in part, of liability for any breach of contract or wrongful action or violation of any federal, state or local statute, ordinance, rule, policy, regulation, or common law rights, including the FLSA, or of any other possible or claimed violation of law or rights alleged by Ms. Goode in the Lawsuit, or otherwise.

**TERMS**

**NOW, THEREFORE**, the Parties hereto agree as follows:

1. <u>Incorporation of the Recitals</u>.   The foregoing recitals are hereby adopted as the representations of the Parties and are hereby incorporated into this Agreement by this reference with the same force and effect as if set forth at length in this paragraph 1.

2. <u>Settlement Amount</u>. Following the final execution of the Agreement by the Parties and approval of this Agreement by the Court, if applicable, for and in consideration of the foregoing, BHC shall pay to Ms. Goode the total sum of Twenty-Three Thousand Five Hundred Fifty-One and 89/100 United States Dollars ($23,551.90) (the "Settlement Amount") in the following manner, via three separate checks, all delivered together to counsel for Ms. Goode, either at the settlement hearing or by mail to Curwood Law Firm, PLC, 530 E. Main Street, Suite 710, Richmond, VA 23219 or Coffield PLC, 106-F Melbourne Park Circle, Charlottesville, VA 22901:

   (a) One check made out to Marchez Goode in the amount of Four Thousand Two Hundred Fourteen and 70/100 United States Dollars ($4,214.70), less required withholds, which is related to Ms. Goode's unpaid back wages (the "Wage Payment");

   (b) One check made out Marchez Goode in the amount of Four Thousand Two Hundred Fourteen and 70/100 United States Dollars ($4,214.70), not subject to withholding, related to non-wage liquidated damages (the "Damages Payment");

   (c) One check made out to "Curwood Law Firm, PLC" in the amount of Fifteen Thousand One Hundred Twenty-Two and 50/100 United States Dollars($ 15,122.50) related to the attorneys' fees and costs associated with the prosecution of the Lawsuit and settlement thereof.

The three checks comprising the Settlement Amount will be delivered to counsel for Ms. Goode at the settlement hearing or within five (5) days of the Effective Date of the Agreement or entry of a court order approving this Agreement, whichever date is later.

Of the Settlement Amount payable to Ms. Goode as set forth in paragraph 2(a) and 2(b) of the Agreement, the Wage Payment is subject to deductions and withholdings. The Damages Payment (i.e., non-wages) shall not be subject to deduction or withholding. BHC shall issue Ms. Goode the required W-2 and/or Form 1099 MISC, Box 3 (Other income). BHC shall issue a check for the Damages Payment and Wage Payment within five (5) days of the Effective Date of the Agreement or the entry of a court order approving this Agreement, whichever date is later. Form 1099 MISC, Box 14 (Gross Proceeds Paid to an Attorney) will be issued to Curwood Law Firm, PLC, delivered via first class mail, postage prepaid, to Curwood Law Firm, PLC, 530 E. Main Street, Suite 710, Richmond, VA 23219. Curwood Law Firm shall provide BHC with a Form W-9 within five (5) days of the Effective Date of this Agreement.

3.  Tax Consequences.  Ms. Goode agrees that she has neither received nor relied on any express or implied representation by BHC or its counsel as to any tax consequences of this Agreement or her receipt of any monies pursuant to this Agreement. Ms. Goode understands and agrees that she alone is responsible for the proper payment of any taxes due from her because of this Agreement or her receipt of the Settlement Amount pursuant to this Agreement, except for the withholding done on the Wage Payment referenced in paragraph 2 herein.

4.  Taxes. If the IRS should declare that BHC is liable for tax withholdings for the employee payroll tax portion of Ms. Goode's Damages Payment, BHC shall request that Ms.

3

Goode repay BHC for the tax monies paid by BHC, and Ms. Goode agrees to repay BHC for said portion within ninety (90) days of notification of this indemnification request.

5. <u>Release by Ms. Goode</u>. With the exception of BHC's future obligations to pay the Settlement Amount, in consideration of the terms hereof, Ms. Goode, for herself, her heirs, successors and heirs ("Ms. Goode Releasors"), hereby releases, acquits and forever discharges BHC, its parents and subsidiaries, and their officers, directors, shareholders, employees and agents (the "BHC Releasees") from any and all claims under the Fair Labor Standards Act or Virginia Wage Payment Act arising out of her employment with BHC, including liquidated damages and attorney's fees and costs related thereto (the "Released Claims against BHC"). Ms. Goode Releasors shall not initiate any further claim, complaint, or lawsuit against BHC Releasees for any Released Claims against BHC, except to enforce the rights conferred in this Agreement.

6. <u>Binding Effect</u>. The foregoing release made by Ms. Goode is binding upon her and inures to the benefit of BHC's heirs, devisees, affiliates, subsidiaries, parent corporations, parent companies, predecessors, successors and assigns, directors, officers, members, managers, employees, partners, shareholders, agents and attorneys.

7. <u>Dismissal Order</u>. Within five (5) days of the execution of this Agreement by the Parties, the Parties shall file a joint motion for approval of the Agreement with the Court.

8. <u>Attorneys' Fees</u>. Each of the Parties hereto shall bear its or her own respective attorneys' fees and costs for services provided and related to this Agreement.

9. <u>Choice of Law/Venue</u>. This Agreement shall be interpreted and enforced in accordance with the laws of the Commonwealth of Virginia without reference to its conflicts of law principles. The Parties further agree that the United States District Court for the Eastern District of Virginia shall be the mandatory venue for any case arising out of or related to this

Agreement, or the breach thereof, and both Parties consent to the jurisdiction of that Court for that purpose.

10. <u>Negotiated Document/Rules of Construction</u>. The Parties acknowledge that this is a negotiated document. No Party to this Agreement shall be deemed to be the drafter of it and any construction of its terms shall be without regard to any rules of construction concerning the drafter.

11. <u>Entire Agreement/Modifications</u>. The Parties hereto acknowledge that this Agreement (including the exhibits thereto), contains the entire agreement and understanding between the Parties hereto with respect to the subject matter hereof. This Agreement supersedes any and all prior oral or written negotiations and agreements related to the matters set forth herein. This Agreement may not be changed orally, but only by an agreement in writing signed by authorized representatives of the Parties hereto.

12. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts each of equal import, which, when joined, shall constitute one document. Signatures may be delivered by facsimile or electronic transmission and such signatures shall be treated as originals thereof. Any photocopy, telecopy, or electronic copy of this Agreement, or of any counterpart, shall be deemed the equivalent of an original.

13. <u>Severability</u>. If any of the provisions of this Agreement shall be held invalid, the remainder of this Agreement shall not be affected thereby and shall remain in full force and effect.

14. <u>Headings</u>. The headings of any section of this Agreement are for convenience only and shall not be used to interpret any provision of this Agreement.

15. <u>Authority/Capacity of Signatories</u>. The duly authorized signatories for each party acknowledge that they have carefully read and fully understand all the terms of this Agreement,

that they have the capacity to enter into this Agreement and that they enter into this Agreement on behalf of each such party knowingly and voluntarily.

IN WITNESS WHEREOF, the Parties hereto have set their hands and seals the day and year written below:

MARCHEZ GOODE, an individual

Jul 31, 2020
Date

*Marchez Goode (Jul 31, 2020 00:43 EDT)*

BETTER HOUSING COALITION, a Virginia non-stock Corporation

8-4-2020
Date

By _____
Its President

6

18579491v2