IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MARCHEZ GOODE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No: 3:20-cv-00116 |
| | ) |
| BETTER HOUSING COALITION, | ) |
| | ) |
| Defendant. | ) |

## ORDER APPROVING SETTLEMENT AGREEMENT
## AND DISMISSING CASE WITH PREJUDICE

THIS MATTER came before the Court following settlement and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the Settlement Agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." *Id.* The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354.

In this case, there is a bona fide factual and legal dispute over whether the plaintiff was exempt and as to the number of hours for which the plaintiff was not compensated. The Court has reviewed the terms of the Settlement Agreement including the amount to be received by

the plaintiff and the attorney's fees and costs to be received by counsel and finds that the compromise the parties reached is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, it is

**ORDERED** and **ADJUDGED** that the parties' Settlement Agreement (including attorney's fees and costs) is hereby **APPROVED**. It is further

**ORDERED** and **ADJUDGED** that this action is **DISMISSED WITH PREJUDICE**, except that this Court retains jurisdiction to enforce the terms of the settlement pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).

The Clerk of Court is directed to forward copies of this Order to all counsel of record and mark this case as **CLOSED**.

IT IS SO ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

August 13, 2020
Date:
Richmond, VA